**UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION**

| | |
|---|---|
| GREGORY LACY,<br>    Plaintiff,<br><br>vs.<br><br>TIME DISPATCH SERVICES, INC., *et al.*,<br>    Defendant. | CAUSE NO. 1:12-cv-819-RLY-DKL |
| ZACHARY WRIGHT,<br>    Plaintiff,<br><br>vs.<br><br>TIME DISPATCH SERVICES, INC., *et al.*,<br>    Defendants. | CAUSE NO. 1:12-cv-1032-SEB-DKL |
| MISTIKAE ELIZABETH TIPTON, as personal representative of the estate of David M. Hamrick,<br>    Plaintiff,<br><br>vs.<br><br>PAUL T. MORRIS, *et al.*,<br>    Defendants. | CAUSE NO. 1:12-cv-1476-SEB-DKL |
| Liberty First Risk Retention Group Insurance Co.,<br>    Interested Party. | |

**ORDER
Extending stay of October 30, 2013 [doc. 83/52 /42][1]**

---

[1] File document numbers are cited in Cause-number order.

On October 30, 2013, the Court granted defendant Time Dispatch Services, Inc.'s motion to stay these consolidated Causes for a period of ninety days because its liability insurer, Liberty First Risk Retention Group Insurance Co., which has a duty to defend and indemnify it in these Causes, had commenced receivership proceedings in a Utah state court. *Order* [docs. 83/52/42]. The *Order* also ordered Time Dispatch to report the status of the receivership proceedings by January 16, 2014. That *Status Report*, [doc. 88 in 1:12-cv-819-RLY-DKL only], reported that, on January 13, 2014, the Utah state court extended Liberty First's receivership for 180 days [doc. 88-1]. The Court allowed the court-appointed Special Deputy Rehabilitator ("Rehabilitator") for Liberty First to participate in these consolidated Causes as an interested party, allowed him to file a brief providing authority for the Court to extend its stay for the same 180-day period, and offered the parties an opportunity to respond to the Rehabilitator's brief. *Entry from Telephonic Status Conference, January 23, 2014* [doc. 94/64/59].

The Rehabilitator argues that the principle of *Burford v. Sun Oil Co.*, 63 U.S. 1098 (1943), applies to these Causes and, therefore, the Court should stay them as a matter of comity toward the state receivership proceedings. *Receiver's Memorandum in Support of Defendants' Motions to Stay Proceedings* [doc. 95/61/56]. Plaintiffs Gregory Lacy and Mistikae Elizabeth Tipton, in Cause nos. 1:12-cv-819-RLY-DKL and 1:12-cv-1476-SEB-DKL, respectively, ("Plaintiffs") have objected to Time Dispatch's and the Rehabilitator's requests for an extension of the stay, emphasizing that they want to proceed with

discovery, at least.[2] They argue that proceeding with discovery would benefit the Court and the parties and would not interfere or hinder the rehabilitation proceedings, but a stay would cause great prejudice to Plaintiffs. The Court concludes that these Causes should be stayed as requested by the Rehabilitator and Time Dispatch.

Liberty First is domiciled in Utah, is organized as a "Risk Retention Group" under Utah's Product Liability Risk Retention Act, is an "industrial insured group" under Utah law, and has been licensed continuously with the Utah Insurance Department since May 2006. *In re Liberty First Risk Retention Group Ins. Co.*, Civil No. 130906802, *Rehabilitation Order, and Restraining Orders* ("*Rehabilitation Order*") at 3 (3rd Dist. Ct., Salt Lake Co., Utah, Oct. 11, 2013) [docs. 82-3/51-3/40-3, pp. 2-12]. The members and owners of Liberty First are six trucking companies, one of which is defendant Time Dispatch. All six member/owner trucking companies are owned, directly or indirectly, by Gary Aliengena, alone, or by him and Susan Aliengena, jointly. With the consent of a majority of the voting shares, or a majority of the controlling individuals, of Liberty First, Utah's Commissioner of Insurance petitioned the Utah state court for an order of rehabilitation of Liberty First. The state court granted the petition, appointing the Commissioner as Rehabilitator and ordering him, *inter alia*, to take possession and title of Liberty First's assets; administer its assets under court supervision; and determine whether it should be placed into liquidation, given back to the owners, or sold. The Rehabilitator is authorized under Utah law to, *inter*

---

[2] Although an objection was filed in only plaintiff Lacy's case, it states that plaintiff Tipton joins in it and her attorney signed the objection.

*alia*, reform and revitalize Liberty First's business, including cancelling or transferring policies, and assume all powers of Liberty First's directors, officers, and managers, whose authority is suspended except as allowed by the Rehabilitator. The Rehabilitator is also charged with pursuing all legal remedies on behalf of Liberty First and may assert all available remedies against third parties. *Rehabilitation Order* at 8. The *Rehabilitation Order* provides that "[a]ll actions and all proceedings against Liberty First in Utah, and elsewhere, are stayed, pursuant to Utah Code Ann. § 31A-27a-108, subject to the limitations of Utah Code Ann. § 31A-27a-108(4)(b)." *Id.* at 9. The Rehabilitator is authorized to "assume or reject any contracts to which Liberty First is a party, pursuant to Utah Code Ann. § 31A)-27a-302." *Id.*

"In large part because its analysis provides the closest fit, *Burford* has become the doctrine of choice in analyzing whether to abstain in favor of state insurance liquidation and rehabilitation proceedings." *Property & Casualty Ins. Ltd. v. Central National Ins. Co. of Omaha*, 936 F.2d 319, 321 (7th Cir. 1991). A *Burford* abstention or stay is appropriate when "the exercise of federal review . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Hartford Casualty Insurance Co. v. Borg-Warner Corp.*, 913 F.2d 419, 425 (7th Cir. 1990). The two elements, or criteria, of this type of *Burford* abstention are **(1)** "the state must offer some forum in which claims may be litigated" and **(2)** that forum must be special — it must stand in a special relationship of technical oversight or concentrated review to the evaluation of those

4

claims". *Property & Casualty*, 936 F.2d at 323. In light of the states' primary responsibility for regulating the insurance industry and rehabilitating troubled insurers, they have "the paramount interest in an uniform insurance rehabilitation process" and that interest can justify a federal court abstaining from hearing such cases if doing so might "upset ongoing state insurance insolvency proceedings." *Hartford*, 913 F.2d at 426.

Plaintiffs do not dispute that Liberty First's rehabilitation is the type of state proceeding that can justify a *Burford* abstention. Their opposition to a stay is that continuing with discovery in this case will not interfere with the rehabilitation of Liberty First or cause any prejudice to Defendants. Relying on *McRaith v. American Re-Insurance Co.*, No. 09-C-4027, 2010 WL 624857, 2010 U.S. Dist. LEXIS 14021 (N.D. Ill., Feb. 17, 2010), they argue that this "simple contract and tort action" does not implicate important regulatory concerns or complex interests of the state of Utah and would not interfere with Utah's receivership proceedings involving Liberty First.

However, *McRaith* presented a significantly different procedural posture than this case. In *McRaith*, the state rehabilitator, who had been charged with marshaling the rehabilitatee's assets and bringing actions against any persons with respect to their dealings with the rehabilitatee for the purpose of providing maximum distributions to the policyholders and creditors of the rehabilitatee, had brought the original state-court suit to collect insurance proceeds from the defendant reinsurers of the rehabilitatee. The defendants removed the case to federal court and the rehabilitator sought to have the case

5

remanded to state court under *Burford*. The rehabilitator did not seek to have the case stayed but intended to proceed with it in state court after remand; he opposed only the federal forum. The district court denied the remand motion, holding that the simple contract action did not involve a complex matter of state regulation and would not interfere with the pending rehabilitation or prejudice creditors because any proceeds recovered by the rehabilitator would be added to the coffers of the rehabilitatee and eventually would be distributed as provided in the rehabilitation proceedings.

By contrast, Utah's Rehabilitator here did not bring the present case; he seeks a stay, not a remand to allow the case to proceed in state court; any recovery obtained by Plaintiffs would not be paid into Liberty First's coffers for distribution under the receivership; and the Rehabilitator opposes continuing with the case because of the costs to Liberty First of providing a defense and indemnity. The Rehabilitator asserts that the receivership of Liberty First is one of the most complex ones that he has managed; he is working diligently to identify and marshal Liberty First's assets and understand the litigation matters in which it is involved; he needs time to evaluate the possibility of rehabilitating or liquidating Liberty First; and, most importantly, that "[a]bsent a stay, the expense of pending litigation will continue to consume limited resources and will impair if not prevent our efforts to determine which cases present legitimate insurance obligations for the company." *Declaration of Lennard W. Stillman* [doc. 97] ¶¶ 3-7. He avers that "cases proceeding to judgment present the risk of preferential recoveries by some claimants, to the possible

6

prejudice of others." *Id.* ¶ 6. If and when the decision is to liquidate, then creditors and claimants can present their claims in the liquidation proceedings which "provides a specialized administrative process for the determination of such claims, in order to prevent preferences and ensure equitable treatment of all third party claimants against the companies [*sic*] limited resources." *Id.* ¶ 7. To these circumstances, *McRaith*'s discussion has no application.

Plaintiffs also argue that a stay of this case is not warranted because Time Dispatch, Liberty First's insured, is a large trucking company and should be required to pay for its own defense (or use its in-house counsel) if Liberty First's rehabilitation prevents it honoring its contractual duty to pay for a defense. In addition, Plaintiffs point to the facts that Time Dispatch is one of the six trucking-company members/owners of Liberty First, all of whom have the same ultimate owner(s), and that they are ones who put Liberty First into receivership in the first place. Under the *Burford* abstention doctrine, the Court is authorized to stay this case as a matter of comity to the Utah rehabilitation proceedings but, because Liberty First is not a party (other than an "interested party" for the limited purpose of the present matter), the Court is not authorized under *Burford* (and it has not been shown that the Court has jurisdiction) to enjoin Liberty First's contractual duties to Time Dispatch.

Further, this Court has found that the fact that an insurer is in rehabilitation can justify application of a *Burford* stay because "the strong public interest in regulating insurance for the protection of policyholders and principles of comity weigh in favor of

taking reasonable steps to protect [a party's] legitimate expectation that a liability insurer will protect his interests in this case." *Estate of Hupp v. Howard County Sheriff*, No. IP 00-1544-C-H/K, 2002 WL 425405, *2 (S.D. Ind., Feb. 22, 2002). Presumably, Plaintiffs' focus on Time Dispatch's part ownership of Liberty First, its role in initiating Liberty First's receivership, and its large size is intended to dispel any idea of Time Dispatch being an impecunious innocent party needing the Court's protection. However, there is no evidence that Time Dispatch has orchestrated the business of Liberty First or manipulated the rehabilitation proceedings or this litigation for improper ends or that its actions otherwise have not been based on legitimate and reasonable business judgments. Plaintiffs have not presented any information on Time Dispatch's financial resources or any reason why its legitimate expectations of a defense by its insurer should not be protected. Finally, aside from Liberty First's duty to defend, Plaintiffs have not addressed how a judgment against Time Dispatch, for which Liberty First has a duty to indemnify, would not directly implicate the rehabilitation proceedings or and the comitious interests of *Burford*.

Plaintiffs argue that discovery should proceed — at least as far as a few depositions of Time Dispatch employees and its owner that were noticed before the rehabilitation proceedings commenced. They assert a delay will prejudice their ability to obtain accurate information from witnesses. However, depositions entail significant attorney resources which would directly implicate the very expenditures that the Rehabilitator seeks to avoid with his requested extension of the stay and Plaintiffs' assertions of prejudice are only

8

conclusory; they have not shown that the requested length of stay presents a significant risk that accurate evidence or testimony will be lost.

## Conclusion

Therefore, the Court orders that the 90-day stay ordered in these Causes on October 30, 2013 shall be **extended for 180 days commencing on January 13, 2014. Time Dispatch shall file a report on the status of the state receivership proceedings of Liberty First on or before July 13, 2014**. The Special Deputy Rehabilitator of Liberty First is invited to file a report on the status of Liberty First's receivership proceedings and/or any appropriate notice or motion by the same date.

**SO ORDERED this date:** 06/24/2014

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

John R. Nelson
Foster Pepper, PLLC
422 W. Riveside Ave.
Suite 1310
Spokane, Washington 92201